UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| A&R FOOD CORPORATION, d/b/a | * | CASE NO. 11-07051 |
| EL RANCHO MEXICANO | * | |
| | * | JUDGE PAUL M. GLENN |
| DEBTOR | * | |

**************************************

**MOTION OF GATEWAY VILLAGE SHOPPING CENTER JOINT VENTURE
FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO
SECTION 362(d)(1) OF THE BANKRUPTCY CODE, OR TO COMPEL
PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO
SECTIONS 365(d)(3) AND 503(b)(1)(A) OF THE BANKRUPTCY CODE**

TO THE HONORABLE PAUL M. GLENN
UNITED STATES BANKRUPTCY JUDGE:

Gateway Village Shopping Center Joint Venture ("Landlord"), a Florida general partnership, by their attorneys, Sessions, Fishman, Nathan & Israel, L.L.C., hereby move this Court for entry of an order granting Landlord relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), and/or to compel the immediate payment of administrative expenses of Landlord totaling at least $6,837.61, pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1), and in support thereof respectfully represent:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

2.     This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), (G) and (O), and 1334.

3.     Venue of this case and of this motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

4.     On September 26, 2011, A&R Food Corporation d/b/a El Rancho Mexicano ("Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Code (the "Bankruptcy Code").

5.     Debtor continues to operate its business as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6.     By this motion, Landlord seeks an order granting it relief from the automatic stay and compelling Debtor to pay administrative expenses totaling more than $6,837.61.   This motion is made under Bankruptcy Code §§ 362(d)(1), 365(d)(3) and 503(b)(3), Bankruptcy Rules 4001(a)(1) and 9014.

7.     Landlord is the lessor under a lease of non-residential real property with Debtor dated June 38, 2002 at the Gateway Village Shopping Center in Deland, Florida (the "Lease"). A true and correct copy of the Lease is annexed as Exhibit "A".   Under the Lease, Debtor is obligated to pay Landlord on the first day of each month basic rent plus additional rentals for common area maintenance, real estate taxes and other enumerated expenses (the "Rent Obligation").

{00147043-1}

8.      Debtor is in default under the Lease because of its failure to pay certain pre-petition Rent Obligations due under the Lease totaling $5,990.67.  In addition to these defaults, Debtor is also in default under the Lease for failing to pay any post-petition Rent Obligations from September 26, 2011 to the date of this motion due under the Lease totaling $6,837.61 ($3,155.82 for each of October and November, 2011 plus $525.97 for September 26-30, 2011). Landlord reserves the right to amend this amount to include amounts due and owing by Debtor under the Lease for the period from and after the date of this motion through the hearing date. Under the Lease, Debtor is also obligated to reimburse Landlord for any costs and expenses incurred by it in connection with this motion, including attorney's fees.  Exh. "A" at section 17.4, p. 27.

9.      Debtor continues to occupy and enjoy the benefits of possession of the leased premises.  The Lease has yet been assumed or rejected.  By virtue of Debtor's post-petition defaults under the Lease, Debtor unlawfully detains possession of the leased premises.

## RELIEF FROM THE AUTOMATIC STAY IS WARRANTED

10.     § 362(d) of the Bankruptcy Code provides that the automatic stay must be terminated, annulled, modified, or conditioned for "cause."  11 U.S.C. §362(d)(1).  "Cause" is not defined in the Bankruptcy Code, leaving the courts with broad discretion to determine what constitutes "cause" on a case by case basis.  "Cause" has been found to exist in cases where the debtor fails to pay rent but continues to occupy the landlord's premises.  See, e.g., In re Rocchio, 125 B.R. 345, 346 (Bankr. D.R.I. 1991) ("cause" to lift stay found where debtor failed to pay post-petition rent and failed to give adequate protection or adequate assurance of future performance); In re JAS Enterprises, Inc., 180 B.R. 210, 215 (Bankr. D. Neb. 1995) (If debtor

fails to perform its lease obligations during the first sixty day period after the bankruptcy filing, "cause exists to lift the automatic stay under §362(d)(1)").

11.     By virtue of Debtor's failure to remain current on its post-petition Rent Obligations as required by § 365(d)(3) of the Bankruptcy Code, "cause" exists to lift the automatic stay to allow Landlord to proceed with its remedies to regain possession of the leased premises.

### DEBTOR MUST PAY POST-PETITION RENT IMMEDIATELY

12.     § 365(d)(3) provides that "[t]he Trustee shall timely perform all of the obligations of the debtor, …, arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding § 503(b)(1) of this title."   Thus, under § 365(d)(3) of the Bankruptcy Code, Debtor has an affirmative obligation to stay current with its post-petition Rent Obligations.  3 Collier on Bankruptcy (16th ed. Rev. 2011) ¶ 365.04 at pp. 365-33 through 365-41.

13.     In addition, because the payment of rent under the Lease is "an actual and necessary" cost of doing business under § 503, its payment will be afforded administrative expense priority.   See, e.g. In re Zagata Fabricators, Inc., 893 F.2d 624, 627-28 (3d Cir. 1990) ("In a situation in which, as here, a debtor fails to pay rent but continues to occupy the landlord's premises, the landlord thus may pursue two remedies under the Bankruptcy Code.  First, the landlord may claim first priority as a creditor to whom the debtor owes rent as an 'actual, necessary cost . . . of preserving the estate.'").

14.     Debtor is reaping an unfair windfall at Landlord's expense.  Landlord remains liable for taxes, maintenance and other costs associated with meeting its obligations under the Lease while Debtor continues to utilize the premises without paying its Rent Obligations in a

4

timely manner.  Accordingly, Debtor should be ordered to pay Landlord all amounts owing post-petition under the Lease and should further be ordered to pay all future amounts owed under the Lease when such amounts are due, including collection costs and attorneys' fees occasioned by Debtor's failure to pay post-petition rent.

## THE STUB RENT SHOULD BE ALLOWED AS AN EXPENSE OF ADMINISTRATION UNDER SECTION 503(b) OF THE BANKRUPTCY CODE

15.    Included in the relief sought is the requirement the Debtor pay the rents owed between September 26, 2011 – September 30, 2011 (the "Stub Rent"), pursuant to § 503(b) of the  Bankruptcy Code.  The amount of the Stub Rent is $525.97 (which is included in the total above).  There is no good reason, statutory or otherwise, why the rent should not be immediately paid when all other administrative expenses are currently being satisfied.

16.    In In re DVI, Inc., 308 B.R. 703 (Bankr. D. Del 2004) ("DVI"), the Court held that stub rent accruing for the remainder of a monthly rental of real property following debtor's bankruptcy filing is entitled to allowance and treatment as administrative expenses under § 503(b) of the Bankruptcy Code.  Id. at 707-708.  In reaching this determination, the Bankruptcy Court in DVI relied on established precedent to reach the conclusion that "[a] landlord is entitled to an administrative claim in the amount of the fair market value of the premises when a debtor occupies and uses them post-petition."  Id. at 707-08, citing Zagata Fabricators v. Superior Air Products, 893 F.2d 624, 627 (3d Cir. 1990); In re ZB Company, Inc., 302 B.R. 316, 319 (Bankr. D. Del. 2003).

17.    Subsequent to the decision of the Bankruptcy Court in DVI, other courts have reached the same conclusion:  stub rent should be allowed as an expense of administration under § 503(b).  In re Goody's Family Clothing, Inc., 610 F.3d 812 (3rd Cir. 2010);  In re M.L. Logan Machining Company, 2007 WL 1468807 at *3 (Bankr. E.D. Pa. May 14, 2007); In re Hello

Corp. of Pennsylvania, Inc., 2006 WL 1983214 (W.D. Pa. July 3, 2006).  Therefore, the law is

clear that the Landlord is entitled to administrative expense allowance[1] and treatment of its Stub

Rent claim.

18.    The determination of the timing of payment of administrative expenses is a matter

within the discretion of the bankruptcy court.  See, e.g., In re Colortex Industries, Inc., 19 F.3d

1371, 1384 (11th Cir. 1994); In re Verco Industries, 20 B.R. 664, 665 (9th Cir. BAP 1982); In re

Baptist Medical Center of New York, Inc., 52 B.R. 417, 421 (E.D. N.Y. 1985).  In making this

determination, one of the chief factors courts consider is bankruptcy's goal of an orderly and

equal distribution among creditors and the need to prevent a race to a debtor's assets.  Id.

19.    Among the most fundamental principles of the Bankruptcy Code as well as

Chapter 11 itself, is equality of distribution.  It has been repeatedly held that this fundamental

policy would be vitiated if one administrative claimant was permitted to receive more than a *pro

rata* share of its debt at the expense of another administrative claimant of the same parity.  See,

e.g., In re Specker Motor Sales Co. v. Eisen, 393 F.2d 659, 664 (6th Cir. 2004) ("equality of

distribution would be vitiated if one equally situated administrative claimant received more than

his pro rata share."); Delgado Oil Co. v. Torres, 785 F.2d 857, 860 (10th Cir. 1986) (Chapter 11

Trustee bound to achieve the Bankruptcy Code requirement of equality of distribution); In re

Telesphere Commun. Inc., 148 F.R. 525, 529 (Bankr. N.D. Ill. 1992) (pro rata payment of

administrative claims required unless claim involved is given an express superpriority); In re

Western Farmer's Ass'n, 13 B.R. 132, 134 (Bankr. W.D. Wash. 1981) ("it is clearly the law, that

all administrative expenses are on a parity as to payment").

---

[1] The amount allowed for the "stub rent" period is presumptively measured by the rental value fixed in the lease, absent evidence to the contrary."  DVI, 308 B.R. at 708.

20.    It is respectfully submitted that since all administrative expenses are currently being satisfied, including the provisional claims of retained professionals, the Rent Obligation, including the Stub Rent should be satisfied immediately as well.

## **CONCLUSION**

For the foregoing reasons, Landlord respectfully requests that the Court:  (a) grant Landlord relief from the automatic stay pursuant to § 362(1) of the Bankruptcy Code to permit Landlord to exercise its remedies to regain possession of the leased premises; and/or (b) compel Debtor to immediately pay all unpaid amounts of post-petition rent due under the Lease pursuant to §§ 365(d)(3) and/or 503(b)(1), of the Bankruptcy Code, including the Stub Rent, and pay all future amounts owed under the Lease when such amounts are due, plus collection costs and attorneys' fees occasioned by Debtor's failure to pay post-petition rent; and (c) grant Landlord such other and further relief as the Court deems just and proper.

Dated: November 15, 2011

*s/Elizabeth Fite Blanco*
ELIZABETH FITE BLANCO[2] (FL Bar #0644439)
Sessions, Fishman, Nathan & Israel, L.L.C.
3350 Buschwood Park Dr., Suite 195
Tampa, FL  33618
Telephone:  (813) 890-2460
Facsimile:  (866) 466-3140
eblanco@sessions-law.biz

-and-

---

[2] The signature of the above-signed member of the Bar of the State of Florida on this motion constitutes the designation and consent-to-act for the visiting counsel identified and signing hereinbelow, in compliance with Local Rule 2090-1(c)(1).

{00147043-1}

_____*s/J. David Forsyth*_____

J. DAVID FORSYTH (LA Bar #5719)
Sessions, Fishman, Nathan & Israel, L.L.C.
201 St. Charles Avenue, Suite 3815
New Orleans, LA  70170
Telephone:  (504) 582-1500
Facsimile:  (504) 582-1555
jdf@sessions-law.com

Counsel for Gateway Village Shopping Center
Joint Venture

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2011, a copy of the foregoing Motion was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including the Debtor's counsel.

_/s/  *J. David Forsyth*_____
J. DAVID FORSYTH

{00147043-1}